## SUSAN MELVIN v. H. W. MELVIN.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MERCER COUNTY.

Argued October 17, 1889—Decided October 28, 1889.

1. Indignities offered by a husband to the person of a wife, such as to render her condition intolerable and life burdensome, and thereby force her to withdraw from his house and home, though not endangering her life, will entitle the wife to a divorce a mensa et thoro, with alimony.

### Statement of Facts.

2. In charging a jury it is not necessary that the court should refer to all or even to any considerable portion of the testimony, especially where the jury are directed " to take all the testimony from the beginning to the end of the case, and consider it with all carefulness."

3. A specification of error, that " the court erred in admitting evidence of the relations between the respondent and his children," referring to the testimony, but without quoting the full substance of the bill of exceptions, is not in compliance with Rule XXIV., and will be disregarded.

4. It is within the sound discretion of the court to allow, on the trial of an issue in divorce, an amendment of the bill of particulars of the libellant, and to admit testimony under it when so amended.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 223 October Term 1889, Sup. Ct.; court below, No. 14 March Term 1888, C. P.

On January 12, 1888, Susan Melvin, by her next friend James Melvin, filed a libel in divorce a mensa et thoro from her husband Henry W. Melvin, on the grounds of cruel and barbarous treatment, endangering her life, and of such indignities offered to her person as rendered her condition intolerable and life burdensome and thereby forced her to withdraw from his house and family. The answer of the respondent having been filed, the libellant, on June 18, 1888, under an order of court made, filed a bill of particulars, verified by affidavit, to which bill the respondent, under the practice of the court, filed a sworn answer, denying all its material averments. On December 3, 1888, it was ordered " that an issue in this case be formed of libellant's bill of particulars and the respondent's answer to the same."

The issue was called for trial on February 13, 1889, when on motion the libellant was permitted to amend her bill of particulars filed, by adding thereto that she proposed to prove by certain witnesses named the use of certain language by the respondent concerning her, " meaning thereby to charge her with infidelity." [8]

—The paper-books did not show that an exception was sealed to the allowance of the foregoing amendment, or that surprise was alleged and a continuance refused.

The facts in evidence, and the questions raised thereon, sufficiently appear in the charge to the jury, MEHARD, P. J.:

Charge of Court below.

The plaintiff and the defendant were made man and wife in the year 1854. They lived together in that relation until a little over a year ago.

On the Tuesday following Christmas, 1887, the plaintiff left the house of the defendant and has not returned. On the contrary, the plaintiff thereafter commenced proceedings to be divorced from the bed and board of the defendant, and as the basis of these proceedings charged that her husband, by cruel and barbarous treatment, endangered her life, and that he had offered such indignities to her person as rendered her life burdensome, whereby she was compelled to withdraw from his house and family. This charge contains two grounds for divorce, as provided by the laws of this state. If it be true that Henry Melvin, by cruel and barbarous treatment, endangered the life of his wife, she is entitled to a divorce; or, if he offered such indignities as rendered her condition intolerable and life burdensome, whereby she was forced to withdraw from his bed and family, she is likewise entitled to a divorce.

There is no evidence in this case that the defendant offered or threatened personal violence to the plaintiff, nor is there evidence that her health was in any degree injured by what she is alleged to have suffered at the hands of her husband. There is, therefore, no evidence which shall be submitted to you to find that the charge of cruel and barbarous treatment, endangering the wife's life, has been proved. But the plaintiff relies chiefly on the second ground mentioned; that is, that Henry Melvin the defendant, offered such indignities to his wife's person as rendered her condition intolerable and life burdensome, whereby she was forced to withdraw from his house and family. What is meant by such indignities the law does not define; it is left undefined and depends largely upon the circumstances of each case; but it is certain that it must consist of such a course of conduct as is humiliating and degrading and inconsistent with the wife's position and relation as a wife; such, too, as has not been provoked by her, and which she could not have prevented or corrected by any means reasonably within her own power. [The facts which the plaintiff alleges constituted such indignities are, that the defendant made false and groundless charges of infidelity against her; that he called her vile names in the presence of her children

Charge of Court below.

and others; that for years he refused to hold any conversation with his wife and did not speak to her save in anger and to reprove her for imagined misconduct; that he refused to supply her with money and forbade the merchants with whom she dealt to give her goods on his credit; that he gave their only cow to a neighbor and limited the supply of milk to one quart and the butter to one pound a week, and that this was done to mortify and vex his wife; that he forbade his wife to share his bed, whereby she was compelled to take a separate room; that he compelled her to remove from her room a stove she had bought and put there for her comfort during the winter time; that he forbade her to visit their eldest daughter and would maltreat their other children when home, or returned to visit their mother, and that this was done to harass and annoy the plaintiff. If you find that these facts were true, and further find that the course of conduct they would show extended over a number of years until her condition thereby became intolerable and life burdensome, so much so that she was forced to . withdraw from his house and family, they constitute sufficient grounds for divorce and would warrant a verdict in her favor.] [4]

On the part of the defendant it is denied that he ever charged or insinuated that his wife was guilty of infidelity or called her bad names. He admits that his wife and he did not have much, if any, conversation, but charges that it was as much the fault of his wife as of himself. He further admits that he gave her no money for some years before the separation, but that this was her fault because she did not ask for it and because of her hostile attitude towards him. He further admits that he forbade merchants to sell his wife goods on credit, and did dispose of the cow, but not on the terms charged by the plaintiff, but alleges that this was his judgment of the prudent management of their affairs, and denies it was done either with the purpose to annoy or humiliate his wife; he admits that he forbade his wife to visit their daughter, Mrs. Wibell, but explains that it was not because of any antipathy towards his daughter or objection to his wife's seeing her, but because of his objection to her daughter's husband; and, while he admits having trouble with the children, he denies that it was brought about for the purpose to annoy his wife, but by the children themselves. If the facts denied by the defendant

Charge of Court below.

are not proved by the evidence, and if the facts denied are not consistent with the reconciliation the defendant seeks, then the plaintiff has no ground for divorce and your verdict should be for defendant. . . . .

When a court and jury are called upon to determine whether lawful cause of divorce exists, it is their duty to consider the evidence with all carefulness and calmness. It is also to be borne in mind that the object of the law in allowing a divorce on the ground of cruelties or indignities to the person, is not to punish the defendant for past offences, but to deliver plaintiff from impending danger, or to deliver her from indignities so mortifying and humiliating that the plaintiff ought not in reason to be compelled longer to suffer them. Therefore it is, if the plaintiff in this case had the sufficient remedy in her own hands for the evils of which she complains, she ought not to be granted the remedy of law. That is to say, if all the conduct of which the plaintiff complains was induced or provoked by the misconduct of the wife herself, and could have been, and could now, be changed by kindness, by the proper bearing of plaintiff towards the defendant, then the plaintiff ought not to be divorced. But on the other hand, if the plaintiff's conduct toward defendant was not such as to invite the treatment of which she complains, but was the offspring of the defendant's evil mind towards his wife, then the inference could hardly be drawn that the remedy was in her own hand, and if her grievances were great enough to constitute a lawful cause, the remedy of the law should be applied. While at that inquiry, gentlemen of the jury, it is your duty to carefully regard the conduct of both parties as it appears in evidence. You should not judge either of these parties by the standard of ideal perfection or occasional excellence. You should make just allowance for the weakness and imperfection of human nature. If upon a view of the whole case you find that the facts alleged by the plaintiff are true, that the indignities they show were not invited by misconduct on the part of the plaintiff herself, and that they did in fact render her condition intolerable and her life burdensome, whereby she was compelled to withdraw from his house and family, your verdict should be for the plaintiff. Otherwise, for the defendant.

Now, gentlemen of the jury, after the careful and thorough

discussion of this case by the counsel for the parties, it is not necessary for the court to enter into a discussion of it. There is but one part of the evidence to which I will call your attention particularly, and that is evidence upon which the plaintiff relies as establishing the charge that the defendant accused her, by innuendo, of infidelity. . . . .

[Now, gentlemen of the jury, the charge that is alleged to have been made by Mr. Melvin against his wife's chastity is one of the most serious indignities of which the plaintiff complains, and it is likewise one of the most serious indignities of which a wife could complain. If Mr. Melvin made groundless innuendos; in other words, if he made groundless charges against his wife's chastity, it is almost of itself a ground for divorce, and is under stricter laws than those under which the plaintiff seeks for divorce here. It is held of itself almost enough to warrant divorce, but, although it may not of itself be sufficient, yet if those charges were actually made by Mr. Melvin, and he continued for years thereafter, up until the time of their separation, to put other indignities upon his wife, although of a minor nature, and treat her with austerity and unkindness, refusing to speak to her, refusing to allow her to cohabit with him, and forbade merchants to allow her to get goods on his credit, and disposing of the cow in such a way as to humiliate and degrade her and mortify her, these things, taken in connection with the charge of infidelity, would be sufficient grounds for divorce. And, therefore, if you find that these charges were made by him, and that he was also guilty of these other indignities, and this course of conduct following those accusations up until the time she left his house, you would be warranted in finding a verdict in favor of the plaintiff. But on the other hand, if these remarks do not fairly bear the meaning put upon them by the plaintiff; if they are not a charge of infidelity on the part of the wife in this case, but are reconcilable fairly and properly with minor or more innocent meaning, it would remove from the plaintiff's case the main prop upon which it stands, and I would not be inclined to think, and, therefore, I charge you, that if those charges are not made implying infidelity, with the other course of conduct which has been detailed here, they would not be an indignity of a character which would warrant the granting of a divorce.] [4]

And therefore, it is, gentlemen of the jury, of the greatest importance that you carefully consider that branch of the case and that you determine what remarks were actually made by Mr. Melvin to his wife, or in her presence, meaning her; and if you find that those remarks were made as testified to by her and by her witnesses, and that they imply a charge against her chastity, then if you find that there were other acts of indignity continuing up to the time of their separation, you should find in favor of the plaintiff; otherwise, your verdict should be in favor of defendant in this case. . . . .

Now, gentlemen of the jury, I shall not further detain you with the discussion of the evidence in this case, [but I will say to you again, that if you find that the husband was guilty of such indignities and such acts as are charged against him, including the accusation of infidelity against his wife, your verdict should be in favor of the plaintiff,] [4] unless you find that the conduct of which he was guilty was provoked by the misconduct of the wife herself. But if you do not find that he did charge her with infidelity towards him, then your verdict should be in favor of the defendant. Or if you find that whatever he did was provoked by the wife's own misconduct, and she could correct the ill conduct of which she complained by assuming a proper demeanor towards her husband, then your verdict should be for the defendant. You will, of course, understand that it is a matter of the greatest importance to the parties that you arrive at the right verdict. You will therefore, take all the testimony, from the beginning to the end of the case, and consider it with all carefulness. . . . .

The defendant has submitted certain requests for instruction, which I had almost forgotten:

1. The court is respectfully requested to instruct the jury that under the libel in this case, mere austerity of temper, petulant manner, rudeness of language, want of civil attention, occasional sallies of passion, if they did not threaten bodily harm to the plaintiff, would not warrant them in finding for the libellant.

Answer: This is affirmed.

2. If the libellant has, by her own conduct, given occasion for the grievances of which she complained, or provoked the acts or words alleged, she cannot obtain the relief prayed for in this action.

Answer: This request is affirmed.

3. That under the pleadings and evidence in this case the jury have but one question to determine, to wit: Whether the libellant has received from respondent such cruel, barbarous and inhuman treatment, unprovoked and not occasioned by her own conduct, as would entitle her to divorce a mensa et thoro, with alimony as prayed.

Answer: This request is denied. It is sufficient ground for divorce in this case that the indignities of which the plaintiff complains are established by the evidence.[1]

4. That under the law and evidence in this case the prayer of the petitioner must be denied, since the cruelty, if any is proven in this case, is not such as endangered the life or health of the plaintiff, and the proof does not show actual bodily violence, or such conduct, acts, or threats as to render continued cohabitation unsafe.

Answer: This request is denied on the branch of the case charging indignities. The law is well stated here, if the plaintiff relied solely on the cruel treatment; but the plaintiff relies also on the indignities such as rendered her condition intolerable and life burdensome, whereby she was compelled to withdraw from the defendant's house and family. If those facts, those indignities, have been proven under the evidence, they are sufficient ground for divorce, although the branch charging cruelty is not established by the evidence, and we have withdrawn that branch from your consideration.[2]

5. The court is also respectfully requested to charge the jury that the evidence in this case would not warrant the granting of the prayer of the petitioner on the ground of offering such indignities to her person as rendered her condition intolerable and life burdensome, and compelled her to withdraw from his home and family.

Answer: This request is denied. The evidence in the case is submitted to you to say whether the charge made by the plaintiff against the defendant, of such indignities as did render her condition intolerable and life burdensome, did amount to that degree; and if they did, and she was thereby compelled to withdraw from his house and family, your verdict should be in favor of the plaintiff.[3]

The jury returned a verdict in favor of the libellant, the

Opinion of the Court.

plaintiff in the issue. A rule for a new trial having been discharged, judgment was entered on the verdict, and the court entered a final decree ordering that the libellant and the respondent be separated from bed and board, and that the respondent pay to the libellant annually the sum of $156, to be paid quarterly from the date of the decree, for her support and maintenance, and that the respondent pay the costs.[9]

Thereupon the respondent took this appeal, specifying that the court erred:

1–3. In the answers to defendant's points.[1 to 3]

4. In the several portions of the charge in [ ] [4]

5. In not calling attention to the fact that it had been admitted by libellant that everything necessary for her welfare and the comfort of his family had been provided by the defendant, in connection with the charge referring to his request to the merchants not to trust his wife.

6. "In admitting evidence of the relations existing between respondent and his children. See testimony, pages 52, 53, 72, 75, 82."

7. [A specification of the same form as the preceding.]

8. In permitting libellant to amend her bill of particulars on the trial, and in admitting testimony under the same.

9. In entering the final decree.[9]

*Mr. W. H. Cochran* (with him *Mr. J. G. White*), for the appellant.

Counsel cited: Light v. Light, 17 S. & R. 276; Sowers's App., 89 Pa. 173; Grove's App., 37 Pa. 447.

*Mr. S. H. Miller, Mr. Q. A. Gordon,* and *Mr. E. P. Gillespie,* for the appellee, were not heard.

Counsel's brief filed cited: May v. May, 62 Pa. 206; Richards v. Richards, 37 Pa. 227; Gordon v. Gordon, 48 Pa. 238; McClurg's App., 66 Pa. 366.

PER CURIAM:

The petition of Mrs. Melvin, on which this proceeding is based, sets forth two grounds for divorce a mensa et thoro, with alimony, viz.: (1) Cruel and barbarous treatment by her husband, endangering her life; (2) such indignities to her per-

son as to render her condition intolerable and life burdensome, and thereby force her to withdraw from his house and family.

As to the first of these grounds, the learned judge rightly instructed the jury that the evidence was insufficient to sustain the charge of cruel and barbarous treatment. The case was therefore submitted to them on all the evidence bearing on the second charge, and the verdict for plaintiff is substantially a finding that the charge is true. It is unnecessary to refer to the evidence tending to prove the charge as set forth in the petition. Some of it is of a character too unsavory for quotation. Suffice it to say there was an abundance of evidence to warrant the jury in finding that appellant offered such indignities to the person of his wife as to render her condition intolerable and life burdensome, and thereby force her to withdraw from his house and family. It therefore follows that the verdict, and decree based thereon, should not be disturbed, unless the result was brought about by error in the rulings of the court below.

The specifications of error are nine in number. The subjects of complaint in the first three specifications are the answers to respondent's third, fourth, and fifth points for charge. These may be dismissed by saying that, in view of the evidence, the answers complained of, respectively, were entirely proper.

The fourth specification alleges error in the portion of the general charge recited therein. We fail to discover any error in that or any other portion of the charge.

The complaint in the fifth specification is that the court failed to call attention of the jury to an alleged admission of libellant to the effect that everything necessary for her welfare and the comfort of his family had been provided by her husband, etc. It is not to be expected that the court, in charging a jury, will refer specially to all, or even to any considerable portion of the evidence; nor is it necessary that it should be done. It may be safely assumed that the jury, who have heard the testimony and admissions of the parties, have not forgotten the same. This case was carefully submitted to the jury on all the evidence. They were instructed " to take all the testimony from the beginning to the end of the case, and consider it with all carefulness," etc. The specification is wholly without merit.

The sixth and seventh specifications are not according to rule and therefore are not entitled to further notice.

There was no error in permitting the libellant to amend her bill of particulars on the trial. It was a matter within the sound discretion of the court, and it does not appear that the court abused its discretion.

The final decree of divorce, as prayed for, was the logical sequence of the facts established by the verdict. Without disregarding the verdict, and ignoring the charge established by it, the court could not do otherwise than enter the decree complained of by appellant.

> Decree affirmed; and it is further ordered that appellant pay the costs of this appeal, and also pay to appellee $100 for counsel fees, and expenses connected therewith.