Roney *v.* Roney, Appellant.

Argued April 29, 1931.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and DREW, JJ.

*James A. Nugent,* and with him *Clem M. Strobel,*
for appellant.

*John G. Koedel,* for appellee.

OPINION BY LINN, J., July 8, 1931:
This appeal is from a decree in divorce a mensa et

thoro, granted on the ground of indignities as defined in the statute.

For some years the parties got on so unhappily that, in 1928, appellant filed a libel charging his wife with indignities. The case was heard in open court and a divorce was refused. In the bill of particulars filed in that case, the libellant, though seeking a divorce for indignities, charged his wife with adultery with three men at different times over a long period of years; but at the trial, as to one man, produced no evidence at all, and as to the other two, nothing that amounted to anything. That libel was dismissed August 1, 1929.

On the following September 5, 1929, his wife filed her libel. The case was also heard in open court, and a decree granting the divorce was made and is now here for review. The libellant left her husband November 26, 1929. Four children ranging in age from seven and a half years to twenty-nine—two sons and two daughters—went with her. There is evidence that the respondent is a man of good reputation in the community; for many years he has been employed as a railroad engineer, leaving his home for work very early in the morning. He denies much of the testimony given against him. He admits that he charged his wife with an attempt to poison him, explaining, that after eating food that she had prepared for him, he and two other members of the family became violently ill. It must be conceded that, without more than suspicion—the evidence amounts to no more,— such a serious charge should not have been made and repeated; if he had any firm belief on the subject, he should have at once taken medical advice and governed himself accordingly; for it is not only possible, but quite probable,—and so we presume—that the illness resulted from some inherent vice in the food and not from poison administered by any person. He, of course, cannot deny that in his suit against his wife,

he made the charges of adultery stated in his bill of particulars, and offered no evidence that would show that he had any reasonable ground for making the accusations. He also agrees that a serious subject of dispute with his wife concerned one of their sons who at the time was twenty-eight years old. The merits of the quarrel are not in the evidence and do not concern us, save as an admitted source of dispute between the parties. He agrees that for many years he took his meals separate and apart from his family.

There is evidence that he accused his wife of infidelity in the presence of the children, and some of them corroborated her testimony. He denies that he made these accusations of infidelity and the other children say they did not hear them. As he made them in his bill of particulars, though offering no proof of them, we take it that the evidence of the libellant, corroborated as it is, proves the fact. There is other evidence to which we need not refer; it covers a period of years; there was some corroboration to which we give weight.

In the circumstances, therefore we must agree with the learned trial judge who heard the case below, that the law entitles libellant to her decree: Ponthus v. Ponthus, 66 Pa. Superior Ct. 257; Melvin v. Melvin, 130 Pa. 6; Krupp v. Krupp, 95 Pa. Superior Ct. 474.

The decree is affirmed.