## Chambers v. Chambers

*William F. Quinlan,* for libellant.
*W. Albert Sanders,* for respondent.

CRUMLISH, J., March 30, 1939.—Libellant brought this action to obtain a divorce a vinculo matrimonii on the grounds of cruel and barbarous treatment and indignities to the person. She now seeks to amend the libel so as to include as an additional ground or cause her having been turned out of doors and to change the prayer for di-

vorce a vinculo matrimonii to one for a divorce a mensa et thoro with alimony.

Respondent objects: (1) On the ground that the statutes of the Commonwealth of Pennsylvania and the decisions thereunder do not expressly authorize such an amendment; and (2) because the allowance of the amendment would be inconsistent with the prayer contained in the libel for divorce a vinculo matrimonii which respondent instituted in the Court of Common Pleas of Chester County prior in time to the commencement of the instant action.

1. Prior to the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §25, no Pennsylvania statute expressly gave the courts power to allow amendments. How far amendments should be allowed in divorce cases was then a vexed question in this State and one which could not be said to have been authoritatively settled by judicial decision. For example see Klingenberger v. Klingenberger, 6 S. & R. 187 (1820), Grove's Appeal, 37 Pa. 443 (1861), Magill's Appeal, 59 Pa. 430 (1868), Powers' Appeal, 120 Pa. 320 (1888), Melvin v. Melvin, 130 Pa. 6 (1889), Fay v. Fay, 27 Pa. Superior Ct. 328 (1905), Barning v. Barning, 46 Pa. Superior Ct. 291 (1911), Jackson v. Jackson 49 Pa. Superior Ct. 18 (1912), Clayton v. Clayton, 1 Ashm. 52 (1823), Toone v. Toone, 10 Phila. 174 (1874), Clayburgh v. Clayburgh 15 W. N. C. 365 (1884), and Tiedemann v. Tiedemann, 5 Pa. C. C. 77 (1888). However, the question is set at rest by the Act of 1933, supra, sec. 1, which provides:

"The court may allow any libel to be amended so as to include additional grounds or causes for divorce, including such as arose subsequent to the awarding of the subpœna. Notice of any such amendment shall be served on the respondent in such manner as the court may direct in its order allowing the amendment."

In the present case, the allowance of the amendment will neither alter the substantive rights of the parties nor create an element of unfair suprise. If the libel had

originally prayed for a divorce a mensa et thoro, this court would have had jurisdiction of the case; and respondent will not be deprived of the opportunity of meeting the evidence offered in support of the libel as amended. "Amendments which tend only to advance the interests of justice are not only proper, but necessary, and should always be allowed": Trego et al. v. Lewis, 58 Pa. 463, 469 (1868).

2. The question of libellant's right to maintain this action in view of the fact that respondent had previously instituted an action for divorce a vinculo matrimonii in Chester County, which was the county of the matrimonial domicile, has been settled by Betz v. Betz, 103 Pa. Superior Ct. 306 (1931). Accordingly, we enter the following

*Order*

And now, March 30, 1939, libellant is allowed to amend her libel by adding to paragraph 4 the following allegation:

"(c) Did on or about November 21, 1938, maliciously turn out of doors the injured and innocent libellant;" and by changing the prayer contained in paragraph 5 of the said libel to read as follows:

"Wherefore, libellant prays that a subpœna may issue, directed to the said Marshall B. Chambers, respondent, commanding him to appear before your Honorable Court, on Monday, the 3d day of April next, A. D. 1939, to answer this libel and complaint; and also that a decree may be made by your Honorable Court, granting this libellant a divorce from bed and board, and also allow such alimony as the said respondent's circumstances will admit of so far as the same does not exceed the third of the annual profit or income of his estate or occupation and labor."

Said respondent is hereby notified to answer said libel as amended, if he sees fit to do so, within 30 days from the said April 3, 1939.