88     27
22 SC   574

# Flattery *versus* Flattery.

In a suit for divorce the uncorroborated testimony of the libellant, although denied, is sufficient evidence to justify a jury in returning a verdict for libellant.

October 28th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. SHARSWOOD and WOODWARD, JJ., absent.

Appeal from the decree of the Court of Common Pleas of *Cambria county*: Of October and November Term 1877, No. 224.

Appeal of William Flattery from the decree of the court granting a divorce *a vinculo matrimonii* from his wife, Mary Flattery.

The wife, the libellant, in her petition set forth that she had married the respondent, William Flattery, on April 23d 1874, and that from a short time after their marriage the respondent had cruelly and barbarously treated the libellant and endangered her life; and had offered such indignities to her person as rendered her condition intolerable and life burdensome, thereby forcing her to withdraw from his house and family. It also set forth in detail the character of the cruel and barbarous treatment and the indignities offered to her person.

[Flattery *v.* Flattery.]

The respondent was served with the subpœna, and in his answer denied every material averment contained in the libel. An issue was then made up on the averments of the libel and the denials of the answer.

At the trial no other witnesses were examined except the libellant and respondent, and the latter denied every material averment of the libellant. The court reserved the question of law raised by the defendant's tenth point, as follows :—

" The uncorroborated testimony of the libellant is not sufficient evidence to justify the jury in returning a verdict for libellant, and her testimony being uncorroborated and denied, the verdict must be for the respondent."

The verdict was for the libellant, and, on motion, after argument, the court (Dean, P. J.) entered judgment on the verdict and a decree *a vinculo matrimonii.*

From this action of the court this appeal was taken.

*James Potts,* for appellant.

*D. McLaughlin* and *R. L. Johnston,* for appellee.

The judgment of the Supreme Court was entered, November 4th 1878,

PER CURIAM.—This case was tried before a jury upon issues arising upon the petition and answer. The parties were examined in open court, where their credibility could be judged of by their conduct and appearance. The law has made the libellant a competent witness. Whether credible, was a question for the jury and not for the court. That she was flatly contradicted by her husband, did not take the case away from the jury, is clear. It may be that the credibility of the wife, and the want of credibility of the husband, were as clear to the minds of the jury as the light of noonday. On what principle, then, shall we say, though the law has made her competent, and has carried her testimony into the jurybox, she was not to be believed, and that the testimony was legally insufficient? This was a matter for the legislature in passing the law, not for us.

Decree affirmed, with costs to be paid by the appellant, and the appeal is dismissed.