# Krug *v.* Krug, Appellant.

*Divorce—Indignities to person—Cruel and barbarous treatment.*

The divorce act clearly distinguishes between cruel and barbarous treatment upon the one hand, and indignities to the person upon the other, as causes for divorce, and requires that the first shall endanger life. A single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce. No single act of indignity to the person is sufficient cause for a divorce; there must be such a course of conduct or continued treatment as renders the wife's condition intolerable and life burdensome, The indignities need not be such as to endanger life or health; it is sufficient if the course of treatment be of such a character as to render the condition of any woman of ordinary sensibility and delicacy of feeling intolerable and her life burdensome.

When a husband who is mentally responsible pursues such a continued course of treatment as to naturally reduce a reasonable woman to the condition defined by the statute, and thereby forces his wife to withdraw from his home, she is entitled to a divorce. The consequences must be the same whether the husband is actuated by malice, or dominated by brutal lust, unrestrained by what civilized people have come to regard as common decency.

*Divorce—Testimony of wife alone.*

It is no ground for refusing a wife a divorce that the averments of her libel are sustained only by her own testimony.

Argued Jan. 17, 1903. Appeal, No. 54, Jan. T., 1903, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1901, No. 65, sustaining decree awarding divorce in case of Della E. Krug v. Willis C. Krug. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Affirmed.

Libel for divorce. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*Grant Herring* and *Joseph F. Gilroy,* with them *M. E. McDonald,* for appellant.

*George L. Peck,* with him *Robert Peck,* for appellee.

OPINION BY W. D. PORTER, J., April 20, 1903 :

The libel of the appellee alleged that her husband had offered

such indignities to her person as to render her condition intolerable, and life burdensome, and thereby forced her to withdraw from his house and family. The plaintiff was not required, in order to sustain this charge, to establish that the indignities were of such a character as to endanger her life. The act clearly distinguishes between cruel and barbarous treatment upon the one hand, and indignities to the person upon the other, as causes for divorce, and requires that the first shall endanger life. A single act of cruelty may be so severe and with such attending circumstances of atrocity as to justify a divorce. No single act of indignity to the person is sufficient cause for a divorce; there must be such a course of conduct or continued treatment as renders the wife's condition intolerable and life burdensome. The indignities need not be such as to endanger life or health; it is sufficient if the course of treatment be of such a character as to render the condition of any woman of ordinary sensibility and delicacy of feeling intolerable and her life burdensome: Elmes v. Elmes, 9 Pa. 166; May v. May, 62 Pa. 206; Melvin v. Melvin, 130 Pa. 6; Mason v. Mason, 131 Pa. 161; Oxley v. Oxley, 191 Pa. 474. When a husband who is mentally responsible pursues such a continued course of treatment as to naturally reduce a reasonable woman to the condition defined by the statute, and thereby forces his wife to withdraw from his home, she is entitled to a divorce. The consequences must be the same whether the husband is actuated by malice, or dominated by brutal lust, unrestrained by what civilized people have come to regard as common decency.

The testimony in this case was taken in open court and the learned judge before whom the witnesses appeared had an opportunity to observe their manner of testifying, and his findings of fact are entitled to respect. When witnesses who are competent and equally interested flatly contradict each other, the conclusion of the judge who heard them, as to which is to be believed, is not to be lightly disturbed. If the testimony offered in support of this libel was to be believed, the appellant had forced his wife to submit to sexual embraces in season and out of season, without regard to her physical condition, whether she was sick or well. The wife willingly allowed the husband all reasonable indulgence of his marital rights except

when she was not well.   When upon these occasions she informed him of her condition and requested him to desist, he would use her roughly.   This course of treatment continued during the entire seven months that they lived together, and culminated in an attempt upon his part to force her to submit to his embraces when she was unwell, he throwing her upon the floor, at noon, and holding her there until she fainted.   It is unnecessary to refer at length to the evidence tending to prove the charge as set forth in the libel.   Some of it is of a character too unsavory for quotation.   The libellant at the time of her marriage was a healthy young woman, but during the seven months that she cohabited with the appellant she became a nervous wreck, when she withdrew from his house she was an invalid and was confined to bed for weeks at her father's home.   The evidence was such as to warrant a finding that she was brought into this condition because of the unusual and inordinately lustful exactions of her husband.   The appellant denied all this, but the learned judge of the court below found that it was true.   We cannot say that there was error in this conclusion, nor in the decree which resulted.

The contention of the appellant that a divorce ought not to be granted when the testimony of the libellant is not corroborated and is flatly denied by the respondent, is not well founded. The law has made the libellant a competent witness.   Whether credible, is a question to be determined by the tribunal which is to pass upon the facts: Flattery v. Flattery, 88 Pa. 27; Baker v. Baker, 195 Pa. 407; English v. English, 19 Pa. Superior Ct. 586.   We do not say that a case cannot arise in which the testimony of a libellant might not be so full of contradictions and improbabilities as to be self-discrediting, but that is not this case.   The fact that the health of the wife was seriously impaired by a brief cohabitation with this appellant, and that she finally left his house on account of his treatment of her, was a very strong supporting fact to her testimony: Baker v. Baker, supra.

The evidence justified the finding of the court below that the residence of the libellant had been for more than a year prior to the filing of the libel, and still continued to be, in Lackawanna county.   The parties were married and dwelt together, in that county, and there is nothing in the evidence which would have

justified a finding that either of them had acquired another domicile. The assignments of error are dismissed and the decree is affirmed.

SMITH, J., concurs in judgment.