# Simon, Appellant, *v.* Simon.

*Divorce—Cruel and barbarous treatment—Indignity to person—Evidence.*

The cruel and barbarous treatment relied upon by a wife in a proceeding for a divorce from her husband must be such as endangered her life.

The communication of a loathsome disease by a husband to a wife, is such an indignity to her person rendering "her condition intolerable and life burdensome," as will entitle her to a divorce, but the fact that such disease was communicated must be established by positive evidence, and not based upon mere suspicion and inference.

Argued April 9, 1907. Appeal, No. 44, April T., 1907, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 75, refusing a divorce in case of Sophia Simon v. Philip F. Simon. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Libel for divorce. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree refusing a divorce.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.

No appearance nor printed brief for appellee.

OPINION BY BEAVER, J., October 7, 1907:

The prayer of the libelant is for a divorce a mensa et thoro, and alimony, based upon cruel and barbarous treatment and "such indignities to the person of petitioner as to render her condition intolerable and life burdensome."

As has been clearly pointed out in Krug v. Krug, 22 Pa.

Superior Ct. 572, and in Fay v. Fay, 27 Pa. Superior Ct. 328, the cruel and barbarous treatment relied upon by a wife in a proceeding for a divorce from her husband must be such as endangered her life. A careful reading of the testimony in this case satisfies us, as it did the court below, that taking the treatment of the wife by the husband as alleged in her testimony as verity, although it was directly contradicted by the husband and other witnesses, her life was never at any time in any danger.

If, therefore, the prayer of the libelant is to be granted, it must be based upon the second distinct cause alleged in her libel, namely, " indignities to her person which rendered her condition intolerable and life burdensome."

If the allegation of the wife, as contained in her testimony, that her husband had communicated to her a loathsome disease, could be sustained, this of itself would have been sufficient, under McMahen v. McMahen, 186 Pa. 485, and Baker v. Baker, 195 Pa. 407, not only to have justified, but to have entitled her to a decree such as she prays for ; but, upon a careful examination of her testimony, it is clear to us that her allegation is based rather upon suspicion and inference than upon fact, and, inasmuch as she is not corroborated either by the physician who attended her husband or by her own physician and the question is, therefore, left in doubt, we are of opinion that the conclusion of the master that " The charges of immorality against the respondent have not been sustained " was fully justified. This finding was concurred in by the court below, and, being satisfied, upon a careful reading of the testimony, that the evidence upon this subject is not only not conclusive but is scarcely persuasive, we are of opinion that, this element being eliminated, there is not sufficient evidence to justify a divorce upon the ground of indignities to the person which would render the libelant's " condition intolerable and her life burdensome."

It is sadly manifest from the testimony in this case that the conjugal relations existing between the libelant and the respondent were not such as should exist between husband and wife, but it is not clear by any means that the husband was the only transgressor. The cross-examination of the wife reveals not only a condition of affairs which justified the court below in saying that " in any personal encounter the libelant was a

match for the respondent," but the further fact that in the use of villification and intemperate language she was quite as culpable as he; and, whilst this was in no sense a justification of the husband's conduct, we cannot find a single act of cruelty which endangered the life of the wife, nor such a continued course of indignities to her person as would justify a decree in her favor.

It is true, as pointed out by the court, that the master's report does not contain the facts upon which an intelligent conclusion can be reached, as to the amount of alimony to be decreed. This difficulty, however, could have been easily obviated by referring the case back to the master for further testimony upon the subject of the income of the husband. Inasmuch, however, as the other branch of the case is not, in our opinion, sufficiently made out, we concur in the conclusion reached by the court below, that " the divorce in this case must be refused."

The decree is, therefore, affirmed and the appeal dismissed at the costs of the appellant.