## Crawford v. Crawford, Appellant.

*Divorce—Divorce a mensa et thoro—Alimony—Indignities to person—Acts of March 13, 1815, 6 Sm. L. 286, and February 26, 1817, 6 Sm. L. 405.*

1. Where a libel by a wife against her husband alleges as a ground for divorce, such indignities to her person as to render her condition intolerable and her life burdensome, and prays for an absolute divorce from him, and also for alimony, the court may disregard the prayer for absolute divorce, and enter a decree a mensa et thoro with alimony. Even if this were not so, the libel could be amended so as to support the decree.

2. In an action for divorce by a wife against her husband for indignities to her person, the wife testified that her husband had struck her at different times, and that on one occasion to secure some papers which she had on her person he threw her down, put his knees upon her, struck her upon the face until the blood ran, told her that he wanted her to leave, that he would get even if he had to go through Hell's fire

to do so. She further testified that for this reason she was afraid of him and left him. A woman witness for the libelant confirmed the testimony of the libelant as to the wounds and bruises on her body, and also testified that the respondent had declared that he was sick and tired of this kind of life, and would have a change. The respondent, although duly served with process and represented by counsel, did not take the witness stand or offer any testimony to contradict the libelant. *Held,* that the evidence was sufficient to sustain a decree of divorce a mensa et thoro.

Argued March 10, 1913. Appeal, No. 11, March T., 1913, by defendant, from decree of C. P. Cumberland Co., Nov. T., 1911, No. 88, granting divorce in case of Romayne Brandt Crawford v. William Lewis Crawford. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Libel for divorce. Before SADLER, P. J.

Before the examiner, the libelant testified as follows:

"Q. State to the master under what circumstances, and for what reasons you left your husband's home? A. Well, I left him because I was afraid of him, and he had struck me at different times, especially in July. I had some letters and he wanted them, and he came to my room and grabbed me—he grabbed for the letters—they were pinned in my clothing, and of course there was a struggle, and during it he threw me down and put his knees on me to get them, and I screamed for help, and when I did he struck me over the face until the blood ran down from my nose, and he told me he would get even, if he had to go through Hell's fire to do so. He wanted me to leave; he told me that all the time, pretty nearly every day, he told me he wanted me to go. He said I was making it a Hell for him, and he wanted to get rid of me; that was the reason I left, simply because I was afraid of him."

The Master: "Q. July of what year was this? A. 1911."

Mr. Sadler: "Q. Had he assaulted you at any other time? A. Once before; once when I was sick. Q. The last time of which you speak, was his attack such as to

leave marks on your body? A. Yes, it was. Q. You have stated that his conduct was such as to make you afraid for the safety of yourself? A. Yes, it was."

Nettie E. Seidel, the only other witness for libelant, testified as follows:

"Q. Have you observed at any time any cruel treatment of Doctor Crawford towards his wife? A. Yes. Q. What did you see? A. I saw the marks he put on her in July, 1911. Q. Where were those marks? A. On her hip, limbs and face, in fact all over her body. Q. How long was this after the assault? A. A day. Q. Have you ever heard Doctor Crawford say that he wanted to get rid of his wife? A. Well, not just in that way. Q. What did he say? A. He often said to me that he was sick and tired of this kind of a life, and he said also that he would have a change. Q. After this assault, did Mrs. Crawford leave her home? A. Yes."

The prayers of the petition were as follows:

Your petitioner prays that a decree may be made by your honorable court for the divorcing and separating of him, the said William Lewis Crawford, from the said libelant's society, fellowship and company for all time to come, and her, the said libelant, from the marriage bond aforesaid, as if she had never been married, or as if he, the said William Lewis Crawford, were naturally dead.

And your petitioner further says that a decree may be entered allowing to her such alimony as the said William Lewis Crawford's circumstances will admit of, and as your honorable court may deem just and proper, with an allowance for counsel fees in the present proceeding.

The court entered the following decree.

And now June 18, 1912, the court having heard this case and having fully considered and proceeded to determine the same as to law and justice appertain, do sentence and decree that Romayne Brandt Crawford

be divorced and separated a mensa et thoro from the said Romayne Brandt Crawford, the libelant, and the said William Lewis Crawford, respondent. And that thereupon all and every the duties, rights and claims accruing to either the said Romayne Brandt Crawford or the said William Lewis Crawford at any time heretofore in pursuance of said marriage, shall the present cease and determine, and the said William Lewis Crawford shall pay $5.00 per week as alimony to the said Romayne Brandt Crawford until the further order of the court, and the court do also award to the said Romayne Brandt Crawford against the said William Lewis Crawford her costs in this behalf expended. This decree not to be entered, however, until the costs have been paid.

*Error assigned* was the decree of the court.

*J. W. Wetzel*, with him *Conrad Hambleton*, for appellant.—The appellant in the full faith that the proceeding was for an absolute divorce, without notice or hearing otherwise, is made to face a final order for a divorce a mensa et thoro, and alimony. Surely this is carrying the law of amendments too far: Long v. Long, 1 Pa. C. C. Rep. 572; Tiedmann v. Tiedmann, 5 Pa. C. C. Rep. 77.

As to the first question involved, which goes to the root of the case, we contend that no decree could be sustained by the evidence given before the master: Biddle v. Biddle (No. 1), 50 Pa. Superior Ct. 30; Richards v. Richards, 37 Pa. 225; Roth v. Roth, 15 Pa. Superior Ct. 192; Krug v. Krug, 22 Pa. Superior Ct. 572; Selly v. Selly, 9 Pa. Dist. Rep. 752; Bauerle v. Bauerle, 48 Pitts. Leg. J. 262.

*S. B. Sadler*, for appellee.—The granting of the divorce a mensa et thoro with alimony on the petition praying for a divorce a vinculo matrimonii with alimony has

been sustained: Klingenberger v. Klingenberger, 6 S. & R. 187; Seitz v. Seitz, 170 Pa. 71.

The uncorroborated testimony of the wife, if believed, is sufficient to justify the granting of a decree, if the conduct shown is such as to make life burdensome, even though that testimony be denied: Baker v. Baker, 195 Pa. 407; Flattery v. Flattery, 88 Pa. 27; Krug v. Krug, 22 Pa. Superior Ct. 572; Reed v. Reed, 30 Pa. Superior Ct. 229.

If the course of treatment is such as to force the wife to withdraw from the family, it is sufficient ground for a divorce, even though there be no personal violence, or even though life be not endangered: Melvin v. Melvin, 130 Pa. 6; Elmes v. Elmes, 9 Pa. 166; Oxley v. Oxley, 191 Pa. 474; Carman v. Carman, 20 Pa. Dist. Rep. 1; Howe v. Howe, 16 Pa. Superior Ct. 193; McMillin v. McMillin, 183 Pa. 91.

OPINION BY HEAD, J., July 16, 1913:

The decree of divorce entered by the learned court below was a mensa et thoro with an order for the payment of permanent alimony at the rate of $5.00 per week. The averment of the libel which grounded the jurisdiction of the court to grant such decree was "from the date of her marriage as aforesaid until the 16th day of July, 1911, the said libelant lived and cohabited with the respondent as his wife, but that the said respondent at divers times before said last mentioned date and on said date did assault your said petitioner and did offer such indignities to her person as to render her condition intolerable and her life burdensome, and thereby forced her to withdraw from his house and family." It is pointed out by Chief Justice TILGHMAN in Klingenberger v. Klingenberger, 6 S. & R. 187, that under the law as it existed prior to the act of March 13, 1815, 6 Sm. Laws 286, an averment similar to the one quoted from the libel in this case would have supported no other decree but one a mensa et thoro. By the act stated such a course of treatment as

is here averred was declared to be cause for an absolute divorce from the bond of marriage. With such decree no order for the payment of alimony could be made, and thus it might frequently happen that the relief afforded an injured libellant would fall far short of the adequate relief it is the aim of the law to afford. For this reason there shortly followed the act of February 26, 1817, 6 Sm. Laws 405, which declared that it should be lawful for the court upon proof of the facts set forth in the petition in this case "to grant the wife a divorce from bed and board and also to allow her such alimony as her husband's circumstances would admit of," etc.

Whilst the testimony in the present case is not voluminous, we think it was sufficient, if believed, to warrant the entry of the decree complained of. The obligations of the marriage state are many, and their faithful discharge by one party is often rendered extremely difficult, if not well-nigh impossible, under conditions for which our courts, as the law now exists, are not permitted to afford any relief. But it is not one of these obligations on the part of a wife that she should be compelled to endure physical assaults from her husband so that her face and person would become the witnesses of his unlawful violence. In the present case the respondent was a resident of the county and was duly served with the process of the courts. Although he was represented by counsel at the hearing before the examiner, he did not see fit to avail himself of his right to take the witness stand and deny in any respect the testimony offered by his wife in support of the averment of her libel. Her own testimony, if believed, even though it were in no way corroborated, is legally sufficient to establish the facts she avers: Flattery v. Flattery, 88 Pa. 27; Baker v. Baker, 195 Pa. 407; Krug v. Krug, 22 Pa. Superior Ct. 572; Reed v. Reed, 30 Pa. Superior Ct. 229. In the present case there was corroborating evidence of some of the material facts by a disinterested witness. In the absence of any denial by the husband, we think the examiner and the learned

court below were warranted in finding that a case had been made out.

In her libel the petitioner, after her averment of facts, prayed that she might be divorced "from the marriage bond aforesaid as if she had never been married. . . . And further prays that a decree may be entered allowing to her such alimony as the said William Lewis Crawford's circumstances will admit of," etc. It is true that the first part of her prayer as quoted would indicate that she sought an absolute divorce, but it is just as apparent from the latter portion that she sought a decree of divorce with alimony, or, in other words, a decree a mensa et thoro. Having established the facts averred in her petition, the jurisdiction of the court to grant either kind of a decree is clear under the statutes quoted. The fact that, through the inadvertence of counsel who drew the petition, she asked for a decree that could not be granted as prayed for is no reason why she was not entitled to the decree allowed by the statute. Having established by proof the cause of action set forth in the libel, of which the respondent had due notice, it does not lie in his mouth to say that the court could consider only the first part of her prayer and therefore could make no other decree except one for an absolute divorce to which the payment of alimony would not be an incident. Besides proof was offered by libelant, as part of her case in chief, that respondent was enjoying a professional income of $2,000 a year. This was notice to him that alimony was sought. He made no effort to gainsay this evidence and the order of the court was well within the statutory limit.

Having had his day in court, no legal right of his had been violated by the entry of the decree here complained of because such decree is warranted by the statute upon proof of the facts averred in the libel. The libel therefore as filed would support the decree entered. But even if it were necessary to amend it in respect only of the prayer, it was clearly within the power of the court to allow such an amendment and that was done.

We are of opinion that the record discloses no reversible error and that the learned court below was warranted in entering the decree complained of.

Decree affirmed.