## Crawford *v.* Crawford, Appellant.

*Divorce—Divorce a mensa et thoro—Alimony—Indignities to person—Acts of March 13, 1815, 6 Sm. L. 286, and February 26, 1817, 6 Sm. L. 405.*

Where a libel by a wife against her husband alleges as a ground for divorce, such indignities to her person as to render her condition intolerable and her life burdensome, and prays for an absolute divorce from him, and also for alimony, the court may disregard

the prayer for absolute divorce, and enter a decree a mensa et thoro with alimony.

What acts or course of conduct will amount to such indignities as will justify the court in making a decree of divorce, seems to be nowhere defined, but they must be such as in the language of the act, render the wife's condition intolerable, and her life burdensome.

*Divorce—Alimony—Amount—Act of February 26, 1817, 6, Sm. L. 405.*

Where a husband's annual income is from $1,000 to $1,200, and the wife's whole estate is only $2,000, an order on the husband for $300 per annum as alimony, is proper.

Argued April 18, 1916. Appeal, No. 54, April T., 1916, by defendant, from decree of C. P. Westmoreland Co., May T., 1915, No. 475, awarding divorce in case of Isabelle J. Crawford v. John W. Crawford. Before OR-LADY, P. J., HENDERSON, KEPHART and WILLIAMS, JJ. Affirmed.

Libel for divorce.

The master, Walter S. Wible, Esq., found and recommended in part as follows:

6. "That from about one year after the date of the marriage, the respondent began to treat his wife, the libellant, in an unkind and cruel manner, and together with his children, three of whom were then residing at home, apparently entered into a conspiracy to humiliate her and drive her from her home. That the husband did not use any physical violence toward the libellant, but continually used improper and insulting language to her; that he accused her of stealing money from him; circulated rumors and accused her personally of being untrue to him, and in the presence of others, humiliated her to such an extent that her health, both physically and mentally, became impaired; so that, according to Drs. Barkley and Krebs, who testified, she would have entirely lost her reason, if she had not been moved from the conditions existing in her husband's home. That the libellant lost

over fifty pounds in weight from the time of her marriage to the time of the separation."

7. "That the respondent permitted the eldest son, known as Hicks Crawford, to attack the libellant, and permitted his other children to criticise and humiliate her without criticism or objection, and went so far as to join with them and aid them in driving her from their home."

8. "That, in accordance with the testimony of the physicians called, her health was such that she would have lost her life or reason, if she had not left her husband's home."

9. "That during the time of their living together, the husband did not provide suitable or proper clothing, considering his resources."

10. "That the husband has an estate worth from six thousand to eight thousand dollars, and an annual income of from one thousand to twelve hundred dollars, and that the wife has a separate estate from her father worth about two thousand dollars."

The master recommended as follows:

"In view of this testimony, the master is of the opinion that the averments of the libel have been sustained and recommends that the prayer of the petition be granted and that a decree be entered by your honorable court, divorcing the said Isabelle Crawford from John W. Crawford, 'a mensa et thoro.' "

"The master further recommends that, in view of the fact that the husband, John W. Crawford, has a net income of between one thousand ($1,000) dollars and twelve hundred ($1,200) dollars, and in view of the fact that the wife's estate is only two thousand ($2,000) dollars, from which no present income is derived, the respondent pay to the libellant the annual sum of three hundred ($300) dollars, from the date of this decree, in quarterly payments, for her support and maintenance."

Exceptions to the above findings and recommendations

30, (1916).] Assignment of Error—Opinion of the Court.

were overruled, and a decree entered in accordance with
the master's report.

*Error assigned* was the decree of the court.

*Lewis C. Walkinshaw*, with him *Hugh W. Walkin-
shaw*, for appellant.

*Chas. C. Crowell*, for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:

The only defense urged in the court below relates to
the sufficiency of the evidence adduced before the master
to warrant the decree entered. On this appeal, it is urged
in addition, that the court below did not have jurisdic-
tion of the case to enter the final decree. Both of these
questions have been so thoroughly examined and decided
in an opinion filed by HEAD, J., in Crawford v. Craw-
ford, 54 Pa. Superior Ct. 304, that it is not necessary to
repeat all that is there said. We held inter alia that
"where a libel by a wife against her husband alleges as a
ground for divorce, such indignities to her person as to
render her condition intolerable and her life burden-
some, and prays for an absolute divorce from him, and
also for alimony, the court may disregard the prayer for
absolute divorce, and enter a decree a mensa et thoro
with alimony. Even if it were not so, the libel could be
amended to support the decree."

The maximum amount of alimony to which the libel-
lant may be entitled is settled by the Act of February
26, 1817, 6 Sm. L. 405; 1 Stewart's Purdon, 13th ed. p.
1247, and the decree entered is wholly within its provi-
sions.

What acts or course of conduct will amount to such
indignities as will justify the court in making a decree
of divorce, seems to be nowhere defined, and perhaps they
are incapable of specification or exact definition, but they
must be such as, in the language of the act, render the

34      CRAWFORD *v.* CRAWFORD, Appellant.

wife's condition intolerable and her life burdensome: May v. May, 62 Pa. 206; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290; Roth v. Roth, 15 Pa. Superior Ct. 192; Krug v. Krug, 22 Pa. Superior Ct. 572; Augenstein v. Augenstein, 45 Pa. Superior Ct. 258; Welfer v. Welfer, 54 Pa. Superior Ct. 215.

The conclusion reached by the master is fully sustained by competent evidence, and the decree entered by the court is affirmed.