## Oswald, Appellant, *v.* Oswald.

*Divorce—Indignities—Course of intolerable treatment—Evidence.*
In an action for divorce on the ground of indignities to the person, evidence that the respondent, upon two occasions, struck the libellant, does not show such a course of intolerable treatment as to warrant a divorce.

Argued April 21, 1926.  Appeal No. 127, April T., 1926, by libellant, from decree of C. P. Westmoreland County, February T., 1925, No. 40, in the case of Olympia Toussaint Oswald v. Thomas Edward Oswald.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Libel in divorce.  Before DOM, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Daniel Reamer, Esq., Master, who recommended that a divorce be granted. On exception to the Master's report the court sustained the exceptions and dismissed the libel.  Libellant appealed.

*Error assigned* was the decree of the court.

*Lewis C. Walkinshaw*, for appellant.

No appearance and no printed brief for appellee.


OPINION BY GAWTHROP, J., July 8, 1926:

The ground for divorce set up in the libel was that the husband offered such indignities to the person of the wife as to render her condition intolerable and her life burdensome, and thereby forcing her to withdraw from his house and family. The husband appeared and contested the action before the master, who recommended that a decree be entered. The learned court below dismissed the libel on the ground that the evidence does not warrant a decree. After a careful examination of the testimony, we are of the same opinion. The parties were married January 12, 1921. The husband was a coal miner, and the wife withdrew from the home on January 13, 1925. When asked to describe the circumstances that led up to her leaving her husband, she said: "We didn't get along well. Always listening to outside talk; believed it and came home and abused me over it." When asked about the character of the abuse, she said: "He generally smacked me or beat me around or threw something at me." She described two occasions upon which her husband struck her. In one instance her lip was cut and her nose bled. Her other complaint was that her husband accused her of having illicit relations with one Glunt. She said that "he would cast this up to you when he would be mad." He admitted that he struck his wife on the two occasions described by her. He denied that he accused her of committing adultery. Although she testified that this charge was made in the presence of persons whom she knew, none of them were called to testify. Nor was there any attempt to explain why they were not called. That the husband made this charge is not established to our satisfaction. The other conduct ascribed to him does not show such a course of intoler-

able treatment as to bring the case within the statute authorizing a divorce for indignities to the person: Krug v. Krug, 22 Pa. Superior Ct. 572. Therefore, we are constrained to hold that the ground of divorce alleged in the libel is not clearly established by the evidence.

The decree is affirmed.