## Shellhase v. Shellhase

*Reilly & Pearce*, for libellant.
*Clifford V. Shellhase*, respondent, p.p.

MacDade, J., April 18, 1935.—From the voluminous testimony adduced by the libellant, who has instituted a suit in divorce a vinculo matrimonii, charging as a cause therefor indignities to the person of the libellant such as to render her condition intolerable and life bur-

densome, the learned master has selected some salient incidents of alleged objectionable conduct upon the part of the respondent upon which to base a recommendation for a divorce upon the ground aforesaid, and cites in support of such the following cases: Melvin v. Melvin, 130 Pa. 6; May v. May, 62 Pa. 206; Downing v. Downing, 8 Luz. L. R. Rep. 463; Powers' Appeal, 120 Pa. 320; Krug v. Krug, 22 Pa. Superior Ct. 572; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290; Lister v. Lister, 19 Del. Co. 465.

While the master may believe that the libellant's evidence is clear and satisfactory and furnishes strict proof of every essential of fact and is sufficient to support a decree: Flattery v. Flattery, 88 Pa. 27; Baker v. Baker, 195 Pa. 407; Buys v. Buys, 56 Pa. Superior Ct. 338; yet we feel he has grievously erred in refusing the respondent a hearing before him, and the more so because the respondent pleads poverty. For that reason alone the door of opportunity to have his day in court should not be shut in his face.

It appears from the record, which we are bound to inspect and make an independent finding and conclusion: Nacrelli et al. v. Nacrelli, 288 Pa. 1; that, after due notice under our rules was given the respective parties by the learned master of the filing of his report, the respondent wrote a letter, reference to which is made in a supplemental report in substance as follows:

"On March 14, 1935, the master received an undated letter from the respondent, which is hereunto attached. On the same date the master wrote a letter to respondent in reply to respondent's letter. Copy of the master's letter in reply to the respondent's letter is hereunto attached.

"Up to the date of the filing of this report respondent has made no arrangements with the master for further hearing.

"Respondent's letter is devoted almost exclusively to a denial of facts testified to and a complaint of the man-

ner in which certain matters were presented in libellant's testimony. Respondent's letter does not embody any exceptions or objections to the master's conclusions or findings. Therefore, to the extent that respondent's letter is intended to set forth exceptions to the master's report, the exceptions are hereby dismissed by the master.

"Copy of this supplemental report dismissing the respondent's exceptions is being mailed to respondent by the master on March 22, 1935, the filing date of the report in accordance with notice previously given respondent, so that respondent may have an opportunity to have his exceptions argued before the court.

"On March 18, 1935, the master received another letter from the respondent dated March 14, 1935. This second letter from the respondent, which is also attached hereto, concurs in the master's findings to the extent that the respondent states that on the evidence submitted to the master there was no alternative to the conclusions reached by the master. The respondent states in this second letter that he will depend on the decision of the court when the court reads the respondent's first letter to the master. Under the circumstances the master does not believe that he is justified in reopening the matter for further hearing inasmuch as respondent has not attempted to make any arrangements with the master for that purpose, although given an opportunity to do so as set forth in the master's letter to the respondent dated March 14, 1935."

Of course, the opinion of the master is only advisory: Edgar v. Edgar, 23 Pa. Superior Ct. 220.

The letters speak for themselves and if this respondent can prove what he asserts there would be a reasonable doubt whether the libellant has made out a clear case, supra. At least the respondent should be given a chance to present his evidence before the learned master and not be denied because of poverty. He is unable to proceed, especially when informed that "If you now desire to contest this divorce action by defending yourself against the

charges made, I can set a time for another hearing when you and your witnesses may be heard in the presence of Mrs. Shellhase and her counsel. Since this will mean, to some extent, a reopening of the case, I am obliged to ask that you pay a master's fee of $15 for such hearing. It will also be necessary for you to make arrangements whereby a transcript of the notes of testimony at such hearing will be furnished to the master by the official court stenographer. The court stenographer is Everett G. Rodebaugh, Esq., Philadelphia Saving Fund Building, 12 South Twelfth Street, Philadelphia, Pa.

"Unless you arrange with me for a further master's hearing and make satisfactory arrangements with Mr. Rodebaugh with respect to notes of testimony on or before March 22, 1935, the master's report of which you have a copy will be filed on March 22, 1935, in accordance with notice previously given you.

"Upon filing the report I shall attach to it your original letter for the attention of the court. Insofar as your letter is intended to embody exceptions to the master's report, I feel that I shall have to dismiss them, since, as above stated, your letter raises issues of fact by denials of testimony and does not except to the conclusions or findings of the master.

"If my report is filed with a dismissal of the exceptions as set forth in your letter, you have the further right to have this dismissal of your letter argued before the court."

To this respondent replied that "as I stated in my previous letter that I am financially unable to retain counsel, I will have to let the matter drop as it stands, and depend on the decision of the court when he reads my former letter which you stated you would attach to your report when you file the same.

"For your information I did not appear at the master's hearing owing to the fact that at that time I did not have any eye witnesses to substantiate my charges of indiscretion against my wife, but since that time I

have talked with three persons that witnessed these indiscretions in my home and who further told me they knew others who saw indiscretions and who would be only too glad to testify for me if I called on them.

"I again thank you for your courtesy and will just have to depend on the laws of justice to see that I get a fair deal in this issue."

The learned master had no right to demand of this respondent his fee or any part of it. The libellant, being the one seeking the appointment of the master, is liable for his fee. By our rules, by leave of court, the master may require security for his fee and costs and the other costs in the case, and may decline to proceed until the expenses are paid and the security entered. But he must seek this from the libellant: Steffner v. Steffner, 27 Dist. R. 421.

Indeed it is the master's duty to examine each witness in detail upon all material matters and to summon and examine such other witnesses as he may have reason to believe have any knowledge of relevant facts.

In conclusion we would say that this master was without power to decline to take the evidence of the respondent and then file a report based upon the libellant's evidence alone.

The jurisdiction of the master is limited to that conferred upon him by his appointment and the rules of court. By the former he was empowered "to take the testimony of witnesses in the case and return the same, with a report thereon, to the court." Under that appointment it became his duty to take the evidence offered by both parties. While he is not obliged to proceed with the cause unless his services were paid or payment secured, he was without power to decline to take the evidence of the respondent, and then file a final report, based upon the libellant's evidence alone. Under our Rule 93, he had the right to demand his fees and costs of the libellant. If she failed to pay or secure payment, the master

could have, "by leave of the court, . . . required security for his fees and costs", and until paid or secured, decline to proceed; but there is no authority for a demand by him upon the respondent for the payment of his fees and costs. The libellant is the moving party. She is desirous of securing the decree of divorce. The respondent is an unwilling party to the action. Primarily, libellant must pay the costs, the same as the plaintiff in any other proceeding; the successful party ultimately being entitled to recover. If she feels that the burden should be shifted to respondent, she must satisfy the court by the production of evidence and secure the entry of an order requiring payment by him. We have ample authority to direct payment by the respondent upon proper cause being shown: Goodyear v. Goodyear, 16 Dist. R. 375; but until he has been ordered to pay or enter security, the cause should proceed in the regular manner, giving to both sides the opportunity to be heard, saving, of course, to the master the right to decline to proceed until he shall have been paid or indemnified.

## Order

And now, April 18, 1935, after due consideration, the court doth order and decree that the record, including the pleadings, testimony and master's report, be referred back to the master to proceed to hear the respondent and his witnesses in accordance with the authority vested in him by his order of appointment and the rules of court sec. reg. et sec. leg.

From William R. Toal, Media.