## Eshbach *versus* Eshbach.

23　　343
38SC　2552

1. Mere declarations of the husband unaccompanied by acts are not a ground for divorce.

2. Nor is the fact that he lay on a separate bed, nor his intention, however distinctly avowed, to obtain his wife's property, a sufficient reason for her separation or a ground of divorce on her application, if no act have been done to render her condition intolerable or her life burdensome.

ERROR to the Common Pleas of *Berks county.*

This was an appeal from the decree of the Court, decreeing a divorce, on the application of the husband on account of the desertion of his wife.

Isaac Eshbach petitioned the Court for a divorce from Esther his wife. His petition was presented on 21st April, 1851, alleging a marriage in January, 1844, and wilful and malicious desertion by his wife in October, 1850, viz., for above six months.

In the answer of the respondent it was alleged that her desertion was not wilful and malicious; 1st, because her husband, for a long time previous to her leaving him, refused to live and cohabit with respondent as man and wife; 2d, because he gave her leave to absent herself, and has since acquiesced in it; 3d, because his conduct towards her was unkind and cruel, and tended to injure her health, and was calculated and designed to force her to leave him; 4th, because the libellant offered such indignities to her person as rendered her condition intolerable and life burdensome.

An issue was directed. On the trial, no violence on the part of the husband towards his wife was proved. Several witnesses testified that he did not use her badly. One witness said the libellant did not sleep with his wife the week the witness lived in the family—he did not speak to her; he did not forbid her sleeping with him that the witness knew of; the libellant did not molest her—she was industrious. Other witnesses said that the husband provided well for his family—that they did not see him treat her badly.

The respondent left her home on Saturday. Her husband was not at home when she left. She returned afterwards for her clothing, and her husband said she could have it.

*Peter Deisher* testified that the libellant came to his house in December, 1850, and said that he and his wife could not agree—that they did not live amicably—that he intended long since to make it so to her, and he did so make it—that he had legal advice and she could do nothing with him—that she might go into the lowest pit of —— and support herself, that he had her money and all her personal property, and that was all he ever cared for about her, &c.

[Eshbach *v.* Eshbach.]

Various points were proposed to the Court.

Jones, President Judge, charged, *inter alia*, that reasonable cause which will amount to a defence, is such as will entitle the party to a divorce on account of it: The Butler Case, *American Law Journal of March*, 1849, p. 396. The grounds of divorce are stated in the Act of Assembly.

The refusal of the husband to live and cohabit with his wife, is not an act of cruelty: Aquilar *v.* Aquilar, 1 *Haggard* 776. The assent of her husband to her going away was hardly to be inferred from the evidence. There must have been that in his conduct which justified her going away, independent of any design on his part. Exclusive of the testimony of *Deisher* there was nothing in the case to show such a design; and including it, there was nothing to show that he ever did anything in pursuance of such a design which justified her leaving him. The credibility of witnesses is for the jury, and such cruelty as would justify a woman in leaving her husband may be inferred from circumstances and from his declaration, or from both conjointly.

He further charged that unkindness and disrespect might amount to legal cruelty, and justify a woman of sensitive temperament in leaving her husband; but as a general thing mere rudeness, rough or reproachful language, or brutality of manner are not cruelty in the view of the law, unless they affect her health of body or mind, and that they do so she must prove. It is not *the intention* of the husband to drive her away, but the necessity of her leaving, by which her case is to be judged.

January 18th, 1853, verdict rendered for the libellant, and a decree of divorce was pronounced.

The charge as referred to was excepted to.

*Banks* and *Sallade* were for appellant.—The Court should not have given a positive construction to the testimony of Deisher. A course of humiliating insults and annoyances calculated to destroy the health of the wife are a sufficient ground of divorce: Case of Butler *v.* Butler, 1 *Parsons* 329; Elwes *v.* Elwes, 9 *Barr* 167.

If Eshbach, the husband, adopted a course of bad treatment towards his wife, for the purpose of forcing her from his house, could he swear, according to the requirements of the Act, that the complaint was not made out of levity or by collusion, or for the mere purpose of being separated from his wife? The case of Vanleer *v.* Vanleer, 1 *Harris* 211, was cited.

*Strong*, for appellee.—The exceptions are all to the charge of the Court, which cannot be made part of the record by a bill of exceptions to it. In divorce cases and in all feigned issues for the determination of facts no writ of error lies, and no bill of exceptions can legally be tendered. Chancery will not order a new trial,

[Eshbach *v.* Eshbach.]

if on view of the whole case the Court think that the verdict was warranted by the evidence: 5 *Ser. & R.* 374; 8 *Harris* 67, Piper's Appeal.

The cruelty which entitles a wife to a divorce is actual personal violence or the reasonable apprehension of it, or such a course of treatment as endangers her life or health: 1 *Parsons* 329; 2 *Phillimore* 95; *Poynter on Marriage and Divorce* 211.

The Court may express an opinion on the facts in evidence, and an erroneous opinion is not a ground for reversal: 4 *Barr* 178; 2 *Penna.* 19.

The opinion of the Court was delivered by

WOODWARD, J.—It has been several times decided that the "reasonable cause" which justifies a wife's desertion and abandonment of her husband, must be such as would entitle her to a divorce; and that is defined by the statute itself to be such cruel and barbarous treatment as endangers her life, or the offer of such indignities to her person as to render her condition intolerable and life burdensome. We look in vain through the evidence in this cause for anything that approaches that very high standard of enormity. On the contrary, the general tenor of the testimony is, that Eshbach treated his wife kindly, supplied her abundantly with all necessaries, and exacted no more labor than is customary in families of their condition.

But it is argued that the fair inference from Deisher's testimony is, that such cruel treatment had been used as forced her to withdraw from her husband's house, and that the Court ought so to have instructed the jury. We think not. Deisher proves no *acts* of the libellant, but only his declarations and admissions. If such evidence were made a rule of divorce or of justification for desertion, the conjugal tie would become most insecure, for either party could talk it loose, or a convenient witness would never be wanting to sunder it by his oath. The law requires acts to be proved, of which declarations may be part; but mere declarations, especially when inconsistent with all the acts in evidence, can never be ground for justifying desertion.

Nor is the fact that the husband lay in a separate bed an act of cruelty as was ruled in Aquilar *v.* Aquilar, 1 *Haggard* 776. Nor is the intention, however distinctly avowed, to obtain the wife's property, a reason for separation, if there be nothing done to render her condition intolerable and life burdensome. In as many forms as the ingenuity of malice can invent, a wife's life and condition may be rendered burdensome and intolerable; but, before she has a right to desert her husband or to seek a divorce from him, she must be prepared to prove indignities in some of the numberless forms in which they are possible. This good lady was destitute

VOL. XI.—44

[Eshbach *v.* Eshbach.]

of such evidence, and the Court was right in refusing to sustain the defence she set up.

The judgment is affirmed.