# Platt, Appellant, *v.* Platt.

*Divorce—Cruel and barbarous treatment—Evidence.*

1. A wife's refusal to have sexual intercourse with her husband is not legal cruelty and is not a ground for divorce.

2. A husband's suit for divorce against his wife on the ground of cruel and barbarous treatment will be dismissed, where the evidence shows that the wife was irritable, nagging, bad tempered, and lacking in affection for her husband, that she made indefinite threats, but did not carry them out, and never offered him physical violence.

3. The acts or conduct of the wife towards her husband that will entitle the latter to a divorce on the ground of cruel and barbarous treatment must be not only such as render his condition intolerable or life burdensome, but such as amount to legal cruelty.

Submitted Dec. 18, 1908. Appeal, No. 230, Oct. T., 1908, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 78, dismissing libel in divorce in case of James A. Platt v. Emma W. Platt. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

552          PLATT, Appellant, v. PLATT.

Statement of Facts—Opinion of the Court.  [38 Pa. Superior Ct.

Libel for divorce on the ground of cruel and barbarous treatment.  Before MAGILL, J.

The opinion of the Superior Court states the case.

*Error assigned* was in affirming report of Beven Aubrey Pennypacker, Esq., master, and dismissing the libel.

*Max Graft*, for appellant.

No book for appellee.

PER CURIAM, February 26, 1909:

A careful examination of the evidence shows that the respondent was irritable, "nagging," bad tempered and lacking in affection for the libelant for a considerable period of time, but that she never offered him physical violence of any sort, and, so far as the libelant can testify, never made any move to carry out the indefinite threats she is alleged to have made in her bad tempered moods.  Viewing these alleged threats in the light of the other circumstances, we are unable to conclude that they were such as to create reasonable apprehension of personal violence.  Nor are we able to conclude, satisfactorily, that her course of treatment of him, taken as a whole, was such as to endanger life or health, and render cohabitation unsafe.  And it is to be borne in mind that the acts or conduct of the wife towards her husband that will entitle the latter to a divorce upon the ground of cruel and barbarous treatment, must be not only such as render his condition intolerable, or life burdensome, but such as amount to legal cruelty.  If by other means, which do not constitute "legal cruelty" as that term has been frequently defined in the cases, his condition is rendered intolerable, the clause of the statute under consideration does not apply.  The evidence thus far alluded to, and the similar evidence in the case is not sufficient to sustain a finding of the facts essential to a lawful dissolution of the marriage tie.

As to the allegation that the respondent refused to have sexual intercourse with the libelant, it is sufficient to refer to D'Aguilar v. D'Aguilar, 1 Haggard, 773, followed by our Supreme Court in Eshbach v. Eshbach, 23 Pa. 343, and the dis-

cussion of the question in the opinion of our Brother MORRISON in Johnson v. Johnson, 31 Pa. Superior Ct. 53. These decisions are to the effect that it does not constitute "legal cruelty." See also opinion of Judge STOWE in Magill v. Magill, 3 Pittsburg Rep. 25.

The order approving the report of the master is affirmed and the libel is dismissed at the costs of the appellant.