## Ponthus *v.* Ponthus, Appellant.

*Divorce—Indignities to person—Life burdensome.*

A husband is entitled to a divorce where he shows by competent and disinterested witnesses that his wife persistently and for a long period of time accused him in the presence of others of vile and degraded conduct and of crimes, the punishment of which would have been imprisonment for long terms. In such a case there is no burden on the husband to prove express malice.

Argued Dec. 11, 1916. Appeal, No. 194, Oct. T., 1915, by defendant, from decree of C. P. No. 1, Philadelphia Co., March T., 1915, No. 628, awarding divorce in case

258     PONTHUS *v.* PONTHUS, Appellant.

of George Ponthus v. Isabelle Ponthus. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce. Before BREGY, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding divorce.

*David R. Griffith, Jr.,* for appellant, cited Elmes v. Elmes, 9 Pa. 166; Schulze v. Schulze, 33 Pa. Superior Ct. 325; Roth v. Roth, 15 Pa. Superior Ct. 192; Biddle v. Biddle, 50 Pa. Superior Ct. 43; Van Dyke v. Van Dyke, 135 Pa. 459; Steiger v. Steiger, 41 Pa. C. C. R. 164; Richards v. Richards, 37 Pa. 225; May v. May, 62 Pa. 216; Melvin v. Melvin, 130 Pa. 6; Krug v. Krug, 22 Pa. Superior Ct. 572; Russell v. Russell, 37 Pa. Superior Ct. 354; Barnsdall v. Barnsdall, 171 Pa. 632.

*Sydney Young,* for appellee, cited: Russell v. Russell, 37 Pa. Superior Ct. 348; Fay v. Fay, 27 Pa. Superior Ct. 328; Shaw v. Shaw, 36 Pa. Superior Ct. 122; Egolf v. Egolf, 53 Pa. Superior Ct. 254.

OPINION BY PORTER, J., March 16, 1917:

The ground upon which the appellee in this action alleged that he was entitled to a divorce was that the respondent "had offered such indignities to the person of the libellant as to render his condition intolerable and life burdensome, and thereby compelled him to cease to reside with the said respondent." The authority to grant a divorce upon this ground was conferred by the Act of June 25, 1895, P. L. 308. The case was referred to a master who filed a report recommending that the libel be dismissed, but the court below sustained exceptions filed to the report of the master and entered a decree granting a divorce; from which decree we have this appeal.

The conscientious manner in which the master endeavored to discharge the duties devolving upon him in this case is deserving of commendation. He did not assume, as it is to be feared is sometimes done, that the interests and wishes of the parties to a divorce proceeding are to be alone considered, without giving any weight to the interests of society and the public policy of the Commonwealth, as disclosed by the statutes authorizing proceedings of this character. The ground upon which the master recommended that the libel be dismissed was that, although the testimony disclosed that the respondent had made unwarranted accusations against the libellant, involving assertions that he had been guilty of serious criminal offenses, it was not sufficient ground for divorce that such accusations rendered the condition of the libellant intolerable and life a burden; but that the burden was upon the libellant to establish that the accusations were made with the intention of burdening the life of her husband. The master summed up his conclusion thus: "To constitute accusations such as have been testified to in this case cruelty, they must have been made mala fide." The report shows that the conclusion of the master was based upon the theory that in this proceeding it was incumbent on the libellant to show not only that the conduct of the respondent was such as to render his condition intolerable or life burdensome, but, also, such as to amount to cruel and barbarous treatment; that both of these statutory elements must concur. In this we think that the learned master fell into error.

It is important to notice that "indignities to the person" and "cruel and barbarous treatment" are two distinct causes of divorce. Prior to the Act of 1895 the law did not invest the courts with jurisdiction to grant a divorce to a husband upon the ground of "indignities to the person." The Act of May 8, 1854, did confer jurisdiction to grant a divorce to a husband "where the wife shall have, by cruel and barbarous treatment, rendered the condition of her husband intolerable or life burdensome."

The amendment of this statute, by the Act of 1895, clearly indicated it to be the legislative intention that, "indignities to the person" which rendered the condition of a husband intolerable or life burdensome, should be a cause for divorce, even although they did not necessarily involve "cruel and barbarous treatment." Divorces are not to be granted upon the ground of "indignities to the person" which are of a light and trivial nature, nor the result of mere occasional outbursts of temper; they must be such as amount to an habitual course of conduct which necessarily renders the condition of the conjugal partner intolerable and life burdensome. If a husband has given his wife reasonable ground to believe that he has been guilty of infidelity, he has no ground to complain if she accuses him of his offenses. The indignities of which he complains must not be such as he himself has provoked.

Thorough consideration of the testimony produced in this case has led us to the conclusion at which the court below arrived. The testimony of the libellant, which was corroborated by a number of witnesses, established that the respondent had pursued a course of conduct towards him which must necessarily have tended to render intolerable the condition and burdensome the life, of any man who had any self-respect or any regard for the opinion of others, or who was not ready to avow himself a criminal and defy the opinion of all with whom he came in contact. She accused him not only of conduct most disgusting and degrading, but of crimes, the punishment of which would have been imprisonment for long terms. These charges were made not only to the husband but to those with whom they associated and they were made not merely on rare occasions, but persistently. The charges were of such a character that we do not feel warranted in repeating them. The entire testimony, produced by both the parties, clearly indicates that these accusations had their foundation in the fact that the respondent was jealous of her husband, and has been jealous of him for years. The charges were, however, inten-

tionally and persistently made and the effect upon the condition and life of the husband was the same as if they had been made from express malice. If the respondent had by the weight of the evidence established that her husband had given her any reasonable ground for this jealousy, that might have constituted a defense in this proceeding. We are not, however, satisfed from the weight of the evidence that the libellant had given the defendant any reasonable ground to believe that he was guilty. The probabilities seem to be that the disparity in the ages of these parties gave rise to the suspicions of the respondent. The libellant is now thirty-three and the respondent is forty-five years of age. The evidence as to physical violence inflicted by the respondent upon the libellant is not of a serious character. It was testified, by disinterested witnesses, that in two instances, the respondent had in their presence slapped the libellant's face. The libellant testified that the night before he left his wife's residence she had threatened to do him injury with a razor which she had in her hand, but he took the razor from her. We are of opinion that under all the evidence the libellant was entitled to a decree of divorce.

The decree of the court below is affirmed.