## Cantor, Appellant, *v.* Cantor.

*Divorce—Venereal disease — Cruel and barbarous treatment —
Indignities to the person.*

A husband is not entitled to a divorce from his wife because she has syphilis, if it appears that as soon as she discovered that she had the disease, she withdrew from all relations with him, and that the husband had not contracted the disease from her.

Argued March 7, 1918. Appeal, No. 12, March T., 1918, by plaintiff, from decree of C. P. Lackawanna Co., Jan. T., 1915, No. 690, refusing divorce in case of Aaron S. Cantor v. Esther Cantor. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce.

NEWCOMB, J., filed the following opinion:

This woman is probably an adulteress. She is suffering the consequences of a loathsome venereal disease for which she has confessedly been under protracted treatment by specialists in Philadelphia. There is neither allegation nor attempt to show that it was communicated to her by the husband. On the contrary, the uncontested proofs give him a clean bill of health at all times with which the case is concerned. She may have been an impure woman before marriage. There is evidence to warrant the finding of that fact. But taking her at her word, she was not then diseased and in that particular she is not without corroboration. The alternative conclusion is that of her infidelity.

But that is not the cause assigned for divorce. Upon the supposed authority of McMahan v. McMahan, 186 Pa. 485, relief is asked for on the ground of cruel and barbarous treatment. But the cases are not analagous. They are clearly distinguishable on the essential point that in this instance it does not appear that the husband either had been or is likely to be subjected to any course

108, (1918).] Opinion of Court below—Opinion of the Court.

of treatment dangerous to life or health or calculated to render his condition intolerable. The wife hasn't forced any attentions upon him. Since he learned of her ailment she has never sought cohabitation with him. He voluntarily cohabited with her at least on one occasion when he paid her a visit during her absence from home for treatment. His grievance is therefore radically different from that alleged by the wife who was the complainant in the case relied upon.

It may be a gruesome mockery to maintain the marriage in face of the facts disclosed here. But divorce is a purely statutory right and relief can only be granted where an actual, not a merely constructive, statutory cause is made to appear, and it must be the cause laid in the complaint. Here the cause alleged is one thing and that proven is another.

The rule to show cause is discharged and the divorce is refused.

*Error assigned* was the decree of the court.

*Clarence Balentine, R. W. Archbald* and *A. A. Vosburg,* for appellant.—It is "cruel and barbarous treatment" within the meaning of the statute for either husband or wife who is affected with a venereal disease to cohabit with the other: McMahan v. McMahen, 186 Pa. 485.

*R. L. Levy,* with him *Max Hertzberg,* for appellee.

Opinion by Orlady, P. J., July 10, 1918:

The only question involved in this appeal is one of law, and is not controlled by the finding of fact by the court below that the wife had the disease suggested by the witnesses, as there is no proof adduced to clearly indicate whether the alleged condition of health is inherited or acquired, before or subsequent to her marriage.

She emphatically denies all knowledge of its existence, and offers evidence which ordinarily is accepted as conclusive of the nonexistence of such a disease, there being no proof of any primary or secondary symptoms of such a malady.

Each of the parties, by reason of their professional training was competent to determine the question, and each was necessarily concerned in regard to it, yet, for several years of cohabitation there was no suspicion of such trouble.

However the reason for refusing the divorce lies deeper and is conclusive. The cause urged even if true is not recognized by any of our statutes as sufficient to warrant the severance of the marital relation.

This action for divorce, at suit of the husband is for cruel and barbarous treatment, and offering such indignities to the person of the libellant as to render his condition intolerable and his life burdensome and thereby forcing him to withdraw from his house and family, and is founded upon the allegation that the wife has a loathsome disease.

The facts presented clearly distinguish it from McMahon v. McMahon, 186 Pa. 485; Oxley v. Oxley, 191 Pa. 474, and Baker v. Baker, 195 Pa. 407.

In this case, when the doubt as to her physical health was first raised, she immediately withdrew from the marital relation, and has not since then urged or solicited further association with her husband that would in the slightest degree affect his health, and any variance from this status has been at his request, with full knowledge of the facts.

Hopeless insanity is not a ground for divorce in this State. Baughman v. Baughman, 34 Pa. Superior Ct. 271, and decrees made prior to that decision, by the Courts of Common Pleas, for that cause, required an act of assembly (May 3, 1909, P. L. 390, 5 Stewarts Purdon 5933) to validate them, and had she refused to yield to

108, (1918).]          Opinion of the Court.

his embraces, it would not have been a sufficient ground for divorce: Platt v. Platt, 38 Pa. Superior Ct. 551.

The only causes for divorce in this State are specified by statute, and they cannot be expanded to meet causes that are not clearly embraced in the words used in the statute: by no stretch of argument can the alleged facts in this case be brought within the cause set out in the libel.

The cruelty within our statute which entitles one to a divorce is actual personal violence or a reasonable apprehension of it; or such a course of treatment as endangers life or health or renders cohabitation unsafe. Schulze v. Schulze, 33 Pa. Superior Ct. 325, and there must be such a course of conduct or continued treatment as renders the condition of the libellant intolerable and life burdensome: Krug v. Krug, 22 Pa. Superior Ct. 572.

What acts or course of conduct will amount to such indignities as will justify the court in making a decree of divorce seems to be nowhere defined, and they may be incapable of specification or exact definition, but they must be such as in the language of the act, render the condition of the libellant intolerable and life burdensome: Crawford v. Crawford, 64 Pa. Superior Ct. 33.

The Act of 1854, to which the Act of June 25, 1895, P. L. 308, is an amendment does not limit the right of a husband to a divorce to those acts which endanger life. Under the latter statute cruel and barbarous treatment must nevertheless be shown.   It is not sufficient to prove that the conduct of the wife rendered the condition of her husband intolerable and life burdensome, unless it appears that this was the result of her cruel and barbarous treatment, and this treatment must be exhibited by a course of conduct: Biddle v. Biddle, 50 Pa. Superior Ct. 30.

We do not pass on the competency of the witnesses called at the hearing, to develop the facts on which the learned court below, based his finding as to the condition of the respondent, as the objector to that proof has

Opinion of the Court.    [70 Pa. Superior Ct.

the final decree in her favor, that serious question will be decided when it is properly presented for our consideration.

The application for an increase of alimony and for further allowance for counsel fees is not decided without prejudice to the respondent to renew the request in the court below when further testimony may be necessary to determine the financial standing of the libellant.

The finding that the cause alleged by the libellant is not within any statutory definition is adopted. "Divorce is a purely statutory right and relief can only be granted where an actual, and not merely constructive statutory cause is made to appear, and it must be the cause laid in the complaint. Here the cause alleged is one thing and that proven is another."

The decree is affirmed.