## Smock v. Smock.

*Divorce—Libel by husband—Cruelty or indignities to person to be averred —Acts of May 8, 1854, March 9, 1855, June 25, 1895, and April 13, 1911.*

1. A divorce can be granted only for the reason or upon the ground set out in the libel.

2. A libel by a husband is insufficient which merely avers that respondent "has been guilty of such conduct on her part as to render his condition intolerable and his life burdensome."

3. Such an averment does not bring the case within the Acts of May 8, 1854, P. L. 644, and June 25, 1895, P. L. 308, providing for divorce where the wife has been guilty of cruel or barbarous treatment or indignities to the person of her husband.

4. Nor is such libel covered by the Acts of March 9, 1855, P. L. 68, and April 13, 1911, P. L. 60, which did not create a new cause of divorce, but merely extended the jurisdiction of the courts to those cases in which the cause arose outside of the State.

Libel for divorce. C. P. Beaver Co., March T., 1920, No. 401.

*Holt, Holt & Richardson,* for libellant.

READER, J., July 22, 1921.—The grounds for divorce alleged in the libel filed in this case are two:

1 D. & C.

1. That respondent "has been guilty of such conduct on her part as to render his condition intolerable and his life burdensome." This statement of the cause is followed by a specification of the various acts of respondent alleged to have been committed by her and embraced within the general statement.

2. Adultery.

After carefully reading and considering the evidence taken by the master and returned with his report, the court concurs in the finding of the master that the charge of adultery is not sustained.

This leaves for consideration the ground of divorce first above stated.

The first inquiry is as to whether the ground as stated is a cause for divorce under the Pennsylvania statutes. There being no legal ground for divorce under our law except such as is expressly defined by statute, it is necessary to find statutory provision covering the ground first above stated, or it must be held not to be a legal ground for divorce.

In the general Act of March 13, 1815, 6 Sm. Laws, 286, 1 Stewart's Purdon, 1230, provision is made for the granting of a divorce, upon application by the wife, "when any husband shall have, by cruel and barbarous treatment, endangered his wife's life or offered such indignities to her person as to render her condition intolerable and life burdensome, and thereby forced her to withdraw from his house and family."

This provision afforded no relief to a complaining husband.

The first statutory enactment creating a like cause of divorce available to an injured husband was the Act of May 8, 1854, P. L. 644, 1 Stewart's Purdon, 1234. This act provided for the granting of divorces upon grounds not previously recognized by our law, and, among others, "Where the wife shall have, by cruel and barbarous treatment, rendered the condition of her husband intolerable or life burdensome:" Section 1, clause 3.

This clause of the Act of 1854 was amended by the Act of June 25, 1895, P. L. 308, 1 Stewart's Purdon, 1235. As amended, the act now provides for the granting of a divorce "Where a wife shall have, by cruel and barbarous treatment or indignities to his person, rendered the condition of her husband intolerable or life burdensome."

The court is of opinion that the cause of divorce stated in the libel in this case is not within the provisions of the acts of assembly above cited. It is stated as "*such conduct* on her part as to render his condition intolerable and his life burdensome," while the acts limit the right to a divorce to cases in which the condition of the husband is rendered intolerable or his life burdensome by "cruel and barbarous treatment or indignities to his person." It is quite possible for a wife to be guilty of a course of conduct so scandalous and humiliating in character as in a sense to render the condition of her husband intolerable or his life burdensome, and yet such conduct not be "cruel and barbarous treatment or indignities to his person" within the terms of the statutes. Conduct of the former character is not made a ground of divorce by any statute of Pennsylvania.

It seems to have been assumed that the cause of divorce stated in the libel is created by the Act of March 9, 1855, P. L. 68, 1 Stewart's Purdon, 1236. Section 1 of this act provides in part as follows: "It shall be lawful for the several Courts of Common Pleas in this Commonwealth to entertain jurisdiction of all cases of divorce from the bonds of matrimony for the cause of personal abuse, or for such conduct on the part of either the husband or wife as to render the condition of the other party intolerable and life burdensome, notwithstanding the parties were at the time of the occurring of said causes domiciled in another state. . . ."

### Smock v. Smock.

The manifest purpose of this act, however, was not to create a new cause of divorce, but to extend the jurisdiction of the courts of the State to those cases in which the causes arose without the State and in another state.

This has been held to be its effect by several decisions of the courts: Gordon v. Gordon, 48 Pa. 226. In this case the court says (page 236) : "The Act of March 9, 1855, gave to neither of the parties any new cause of divorce. Its sole purpose, like that of the Act of 1850, was to extend the jurisdiction of the courts. The first of these acts had only extended jurisdiction over parties domiciled in another state, where the offence was committed, to cases of divorce from the bonds of matrimony for the causes of desertion and adultery. It did not confer jurisdiction in cases of such domicil of the parties, in any libel for a divorce, where the injury complained of was either cruel and barbarous treatment or personal indignities. To remedy this omission was the design of the Act of 1855. Neither of these two acts undertakes to define any cause as sufficient grounds for a divorce, though they both refer in general terms to the causes which had previously been defined. It would be giving to them a meaning never intended were we to hold that they had any other object in view than the enlargement of the jurisdiction of the courts over parties. It might as well be ruled that the Act of 1850 authorized divorces for desertion without continued absence as that the Act of 1855 created a new and distinctive cause."

To the same effect are the decisions in the following cases: Schlicter v. Schlicter, 10 Phila. 11; Pennington v. Pennington, 10 Phila. 22; Sterling v. Com., 2 Grant, 162; Hexamer v. Hexamer, 42 Pa. Superior Ct. 226 (240).

The only case which the court has found which could be cited as holding a different view from that taken in the cases cited is the case of Heilbron v. Heilbron, 158 Pa. 297. An examination of this case, however, shows that the question now being considered was apparently not considered by the court. The Act of 1855 is not referred to in the opinion of the Supreme Court, though cited in the argument of counsel.

We are of opinion that this case does not change the rule established by the above cited cases.

The same reasoning is applicable to the Act of April 28, 1903, P. L. 326, 1 Stewart's Purdon, 1236, and the Act of April 13, 1911, P. L. 60, 5 Stewart's Purdon, 5931.

The latter act is an amendment of the former. Their purpose is to further extend the jurisdiction of the courts to causes arising in foreign countries, etc., it having been held that the Act of 1855, above cited, applied only to causes arising in some one of the states of the United States: Lyon v. Lyon, 13 Dist. R. 623.

The court is, therefore, of the opinion that the libel in this case does not state a legal ground of divorce. This being the case, it would follow that the divorce prayed for cannot be granted. A divorce can be granted only for the reason, or upon the ground, set out in the libel: Hexamer v. Hexamer, 42 Pa. Superior Ct. 226 (239-240) ; Middleton v. Middleton, 187 Pa. 612; Olson v. Olson, 27 Pa. Superior Ct. 128.

It also seems to the court that if the libel had charged cruel and barbarous treatment or indignities to the person in strict conformity to the requirements of the statutes above cited, it would still be very doubtful whether a divorce should be granted under the evidence in this case.

The conduct contemplated by the statutes is evidently not general bad conduct, even though it be so flagrant and notorious as to humiliate and disgrace the husband, and in this sense render his condition intolerable and life bur-

1 D. & C.

densome. It is rather conduct in its nature cruel and barbarous, or amounting to indignity to the person, directed against or directly affecting the husband himself: Hexamer v. Hexamer, 42 Pa. Superior Ct. 226 (239-240); Fay v. Fay, 27 Pa. Superior Ct. 328 (333, etc.); Gordon v. Gordon, 48 Pa. 226; Jones v. Jones, 66 Pa. 494; Butler v. Butler, 1 Parsons's Equity Cases, 329 (344, etc.); Ponthus v. Ponthus, 66 Pa. Superior Ct. 257 (260, etc.).

While there is some evidence of indignities to the person of the libellant in this case, it is not of sufficient gravity, in the opinion of the court, to meet the requirements of the law. The most serious evidence of misconduct on the part of the respondent relates to her conduct with men other than her husband. This evidence, for the reasons above stated, does not establish the charge or ground of cruel and barbarous treatment or indignities to the person, under the statutes.

For the reasons above stated, the court is of the opinion that a divorce should not be granted and that the libel should be dismissed.

Now, to wit, July 22, 1921, it is ordered, adjudged and decreed that the divorce prayed for in the libel filed in this case be and hereby is refused, and that said libel be dismissed, at the cost of the libellant.

From F. H. Laird, Beaver, Pa.