### Reilley v. Reilley.

*Wolf, Block, Schorr & Solis-Cohen,* for libellant.

*M. J. McEnery,* for respondent.

SMITH, J., Feb. 13, 1930.—The libel in divorce charges the respondent with cruel and barbarous treatment and indignities to the person. The master recommends that the decree be refused and the libel dismissed.

The libellant has filed exceptions to the master's report.

A review of the testimony shows that the cruel and barbarous treatment involves two occurrences: one, where, after some constant quarreling between the parties, the respondent (the wife) took from a bureau drawer a revolver belonging to the libellant and said: "I am going to wind up everything and everybody." The respondent's version of this affair is that she said she was "going to end everything." At any rate, the libellant took the revolver away from her before she could carry out any intention, whether it was suicide or harm to the libellant; the second occurrence, according to the libellant's testimony, was the statement by the respondent: "Some day I will shoot you." There is no evidence that at that time she had a revolver and no shooting ever occurred.

As to the indignities, the evidence is that on one occasion she called him a foul and obscene name; that she would not permit him to have intercourse at certain portions of the month; that she did not properly care for his personal belongings; and that, since he was out many evenings, she was jealous of his attentions to other women.

These people were married July 3, 1906, and the libellant left their home Aug. 1, 1924. In that time they had five children, two of whom are dead and the other three make their home with the respondent.

There was not sufficient evidence to justify the master in finding that the alleged threats constituted cruel and barbarous treatment.

The indignities, if true, were not sufficient to justify the granting of a divorce. In Platt v. Platt, 38 Pa. Superior Ct. 551, it was held (pages 552, 553):

"Viewing these alleged threats in the light of the other circumstances, we are unable to conclude that they were such as to create reasonable apprehension of personal violence. Nor are we able to conclude, satisfactorily, that her course of treatment of him, taken as a whole, was such as to endanger life or health and render cohabitation unsafe. . . .

"As to the allegation that the respondent refused to have sexual intercourse with the libellant, it is sufficient to refer to D'Aguilar v. D'Aguilar, 1 Haggard Eccl. 773, followed by our Supreme Court in Eshbach v. Eshbach, 23 Pa. 343, and the discussion of the question in the opinion of our Brother Morrison in Johnson v. Johnson, 31 Pa. Superior Ct. 53. These decisions are to the effect that it does not constitute 'legal cruelty.'"

In Breene v. Breene, 76 Pa. Superior Ct. 568, Orlady, P. J. (page 572), said: "It is impossible to frame the definition of cruelty that will be of universal application. It has frequently been defined as actual personal violence, or conduct causing a reasonable apprehension of it, or such a course of treatment as endangers life, limb or health, and renders cohabitation unsafe."

In Russell v. Russell, 37 Pa. Superior Ct. 348, Orlady, J. (page 354), said: "To warrant the granting of a divorce on the ground of the conduct on the part of either the husband or wife as to render the condition of the other party intolerable and life burdensome, where there is no proof of overt bodily harm actually inflicted or threatened, the evidence should be strong and convincing, the course of ill-treatment complained of must have been long continued and of a serious character."

There is no doubt that these people fought continuously. The libellant admitted that he was often away from home at nights and on other occasions on business trips. This caused discontent and may have resulted in false imputations. There is, however, no evidence of any statements that impress

the mind with fear and tend to imperil the life or seriously endanger the health.

The recommendations of the master are approved. The libel is dismissed and the decree in divorce refused.